PATAWA v. UNITED STATES.

(Circuit Court, D. Oregon. October 20, 1904.)

No. 2,767.

1. INDIANS—SUIT TO RECOVER ALLOTTED LANDS—JURISDICTION OF CIRCUIT COURT.

Under Act Aug. 15, 1894, c. 290, 28 Stat. 305, as amended by Act Feb. 6, 1901, c. 217, 31 Stat. 760, which vests the Circuit Courts of the United States with jurisdiction of suits involving the right of any person in whole or in part of Indian blood or descent to any allotment of land under any law or treaty, such court has jurisdiction of a suit by the only child of a deceased Indian to recover lands allotted to him in the Umatilla reservation under Act March 3, 1885, c. 319, 23 Stat. 341, which provides that the lands allotted thereunder shall be held in trust by the United States for the sole use and benefit of the allottee, "or in case of his decease, of his heirs, according to the laws of the state of Oregon," although, it is alleged that the lands are withheld by complainant's stepmother under a claim of dower therein.

In Equity. Suit by Indian to recover allotted lands. On demurrer to bill.

James A. Fee and R. J. Slater, for plaintiff.
John H. Hall, U. S. Atty., and T. G. Hailey, for the United States.

BELLINGER, District Judge. About the 1st of April, 1891, certain lands on the Umatilla reservation were allotted to one Patawa, an Indian. In May, 1894, the allottee died, leaving as his heir the complainant, and a wife, To-ka-slo-e-kim-me, the stepmother of complainant, who claims an undivided one-half interest in the allotted lands, or the rents, issues, and profits thereof, as dower. It is alleged that the wife has excluded the plaintiff from the possession of an undivided one-half interest in the land in question. Complainant prays for a decree declaring her to be the only heir at law of the deceased, Patawa, and that as such heir she is entitled to the immediate possession of the whole of the allotted lands.

The act under which this suit is brought provides:

"That all persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper Circuit Court of the United States; and said Circuit Courts are hereby given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any

person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty (and in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant); and the judgment or decree of any such court in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him, but this provision shall not apply to any lands now held by either of the Five Civilized Tribes, nor to any of the lands within the Quapaw Indian Agency: provided, that the right of appeal shall be allowed to either party as in other cases."

The complainant alleges that she is wrongfully excluded from a part of the lands allotted to her father upon a claim of dower by her stepmother. The United States holds the legal title to the allotted lands in trust for the sole use and benefit of the heirs of the deceased allottee according to the laws of the state of Oregon. It is contended for the demurrer that the right of the widow to dower in these lands involves a construction of the laws of the state of Oregon and is the exercise of a jurisdiction probate in its character. But the right of dower has nothing to do with heirship, and the allotting act does not make the laws of Oregon apply to anything else.. The complainant, as the sold child of the allottee, is his sole heir. That is beyond all question, and there is nothing to adjudicate respecting it. The right of dower in this case depends upon the allotting act. The right exists if it can be implied from the act that the allottee's interest is with respect to dower subject to the rule that obtains in the case of estates of inheritance in general. And so the right to dower involves the construction of a federal statute. There is no question involving a construction of the laws of Oregon in the case. Furthermore the United States, as trustee, is a necessary party in any suit affecting the right of possession to these lands or their beneficial ownership, and the only authority for such a suit is the act of Congress of August 15, 1894, c. 290, 28 Stat. 305, as amended by the act of February 6, 1901, c. 217, 31 Stat. 760, under which this suit is brought.

The demurrer is overruled.